IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EDWARD PERSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | CIVIL NO. 5:23-CV-253-CAR-CHW |
| | : | |
| STATE OF GEORGIA, | : | |
| | : | |
| Respondent. | : | |

## ORDER

In accordance with the Court's previous orders and instructions, *pro se* Petitioner Edward Person, an inmate in the Baldwin County Jail in Milledgeville, Georgia, has now submitted a recast petition seeking federal habeas corpus relief (ECF No. 11). Petitioner has also submitted two motions for discretionary review (ECF Nos. 5, 8), a motion for an expedited hearing (ECF No. 7), a petition for bond (ECF No. 9), a motion for appointed counsel (ECF No. 12), and a motion for leave to proceed *in forma pauperis* (ECF No. 13).

With respect to Petitioner's motion for appointed counsel, there is generally no right to legal representation in a federal habeas corpus proceeding. *See, e.g., Wright v. West*, 505 U.S. 277, 293 (1992). The rules governing habeas cases provide that appointment of counsel is proper if an evidentiary hearing is needed, if counsel is necessary for effective discovery, or "if the interest of justice so requires." *Jones v. Thompson*, No. CV410-039, 2010 WL 3909966, at *2 (S.D. Ga. Oct. 5, 2010) (citing Rules 6(a) & 8(c) of the Rules

Governing § 2254 Cases).[1]  At this early stage, the Court is not yet able to determine whether counsel needs to be appointed in this case.  However, if it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court will entertain a renewed motion for counsel.  Until then, Petitioner's request for appointed counsel (ECF No. 12) is **DENIED**.

Petitioner has also filed a request for an expedited evidentiary hearing.  Under the rules governing habeas corpus actions, district courts are required to promptly examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"  *See* 28 U.S.C. § 2254 Rule 4; *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also* 28 U.S.C. § 2243.  The rules also provide that if a petition is not dismissed, the Court "must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  28 U.S.C. § 2254 Rule 8.  The Court has not yet determined whether this Petition will ultimately be subject to dismissal under Rule 4.  Petitioner's motion for an evidentiary hearing (ECF No. 7) is therefore **DENIED** as premature, and the Court will determine whether an evidentiary hearing is warranted at the appropriate time.

Petitioner has also filed two motions for discretionary review and a petition for a bond.  These documents appear to reiterate the reasons he believes he is entitled to federal

---

[1] The Court may apply these Rules to Petitioner's federal habeas petition even if it is construed as one filed pursuant to 28 U.S.C. § 2241.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the U.S. District Courts.

habeas corpus relief. As such, these motions (ECF Nos. 5, 8, 9) are **DENIED as moot.** The Court will address Petitioner's substantive requests for relief after Petitioner complies with this Order and after the Court conducts its Rule 4 screening of the petition, as discussed above.

Finally, Petitioner has filed a motion for leave to proceed *in forma pauperis* (ECF No. 13). The Court has reviewed this motion and finds it is incomplete. A prisoner seeking leave to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Petitioner has not filed this required information, and therefore the Court does not have sufficient information to determine whether Petitioner is entitled to proceed without prepayment of the filing fee. Petitioner is thus **ORDERED** to either pay the Court's $5.00 filing fee in full or provide the Court with this information within **FOURTEEN (14) DAY**S of the date of this Order. The Clerk is **DIRECTED** to send Petitioner the appropriate form, marked with the case number for the above-captioned case, that he should use for this purpose.

The Court recognizes that Petitioner has alleged that jail officials have not been cooperative and will not send payment to the Court on his behalf. Mot. Proceed IFP 1, ECF No. 13. If Petitioner continues to encounter difficulty, he is instructed to show the appropriate prison official this Order when he requests assistance. If the prison official refuses to assist Petitioner, Petitioner should notify the Court of: (1) the name of the prison

official from whom he requested assistance; (2) what assistance was requested; (3) the date he made such request; and (4) the date that he was notified that the prison official would not assist him. If Petitioner receives notification in writing from the prison official regarding an inability to provide a certified copy of his prison trust fund account statement or pay the $5.00 filing fee, Petitioner should provide the Court with a copy of this notification.

In summary, Petitioner's motions for discretionary review and his petition for bond (ECF Nos. 5, 8, 9) are **DENIED as moot**; his motion for an expedited hearing (ECF No. 7) is **DENIED as premature**; and his motion for appointed counsel (ECF No. 12) is **DENIED**. Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to submit a complete and proper motion to proceed *in forma pauperis* (to include a certified copy of his trust account information), pay the $5.00 filing fee, or explain his efforts to do so. Petitioner is also advised to notify the Court in writing of any change of address. **Failure to comply with this Order may result in the dismissal of Petitioner's application.** There will be no service of process in this case until further order of the Court.

**SO ORDERED**, this 28th day of September, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge