**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **EDWARD PERSON,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **VS.** | : | **CIVIL NO. 5:23-CV-253-CAR-CHW** |
| | : | |
| **BILL MASSEE,** | : | |
| | : | |
| **Respondent.** [1] | : | |

_____

## ORDER

In accordance with the Court's previous orders and instructions, *pro se* Petitioner

Edward Person, an inmate in the Baldwin County Jail in Milledgeville, Georgia, has paid

the required $5.00 filing fee.  Petitioner's motion for leave to proceed *in forma pauperis*

(ECF No. 13) is thus **DENIED as moot,** and it is now **ORDERED** that, within thirty (30)

days of the date of this Order, Petitioner amend his Recast Petition to include every unalleged

possible constitutional error or deprivation entitling him to federal habeas corpus relief.

Petitioner will be presumed to have deliberately waived his right to complain of any

constitutional errors or deprivations other than those set forth in his initial or amended

habeas petition.

_____

[1] On his 28 U.S.C. § 2241 form, Petitioner named the State of Georgia in this action.   Recast Pet. 1, ECF No. 11.   "[T]he proper party respondent to a § 2241 habeas corpus petition is the custodian of the prisoner[.]" *Walther v. Bauknecht*, 155 F. App'x 463, 464 (11th Cir. 2005) (per curiam).   Bill Massee is the Sheriff of Baldwin County and thus Petitioner's custodian.   The Clerk is **DIRECTED** to correct the Docket accordingly.

It is further **ORDERED** that Respondent file an answer to the allegations of the Recast Petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.  Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the Recast Petition to be dismissed or shall explain in writing why the Recast Petition cannot be adjudicated by a motion to dismiss.   Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.  Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

A copy of the initial and recast petitions (ECF Nos. 1, 11) and a copy of this Order shall be served upon Respondent by the Clerk via U.S. Mail.  A copy of this Order shall also be served by the Clerk by U.S. mail upon Petitioner.  Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 12th day of October, 2023.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

2